# In re S-K-, Respondent

*Decided by Attorney General September 14, 2007*

U.S. Department of Justice
Office of the Attorney General

The Attorney General remanded the case for the Board of Immigration Appeals to consider if further proceedings are appropriate in light of the February 20, 2007, determination of the Secretary of Homeland Security that section 212(a)(3)(B)(iv)(VI) of the Immigration and Nationality Act, 8 U.S.C.A. § 1182(a)(3)(B)(iv)(VI) (West 2005), shall not apply with respect to material support provided to the Chin National Front/Chin National Army by an alien who satisfies certain specified criteria.

FOR RESPONDENT: Edward Neufville III, Esquire, Silver Spring, Maryland

AMICI CURIAE: James Feroli, Alexandria, Virginia; Thomas Hutchins, Esquire, Alexandria, Virginia; Annigje J. Buwalda, Esquire, Fairfax, Virginia

FOR THE DEPARTMENT OF HOMELAND SECURITY: Stephen M. Ruhle, Assistant Chief Counsel; David Landau, Chief Appellate Counsel

BEFORE THE ATTORNEY GENERAL
(September 14, 2007)

On March 9, 2007, pursuant to 8 C.F.R. § 1003.1(h)(1)(i) (2007), I directed the Board of Immigration Appeals to refer this matter to me, along with three other matters involving similarly situated aliens. The Board's decision was stayed pending my review. For the reasons set forth in the accompanying opinion, I remand this matter for further proceedings.

OPINION

The respondent is a native and citizen of Burma who is an ethnic Chin. She applied for asylum and withholding of removal on the ground that she fears persecution by the Burmese Government if she is returned to her native country. An Immigration Judge found that the respondent had established a well-founded fear of persecution, but denied her application after finding that she had provided "material support" to the Chin National Front ("CNF"), an organization engaged in armed conflict with the Burmese Government. Section 212(a)(3)(B)(iv)(VI) of the Immigration and Nationality Act,

8 U.S.C.A. § 1182(a)(3)(B)(iv)(VI) (West 2005), defines "terrorist activity" to include commission of "an act that the actor knows, or reasonably should know, affords material support . . . to a terrorist organization." An alien who has engaged in a "terrorist activity" is inadmissible under section 212(a)(3)(B)(i)(I) of the Act and is also ineligible for asylum, *see* section 208(b)(2)(A)(v) of the Act, 8 U.S.C.A. § 1158(b)(2)(A)(v) (West 2005), or withholding of removal, *see* section 241(b)(3)(B)(iv) of the Act, 8 U.S.C. § 1231(b)(3)(B)(iv) (2000). The Immigration Judge found that the CNF constitutes a "terrorist organization" under section 212(a)(3)(B)(vi) of the Act. The respondent appealed to the Board of Immigration Appeals, which affirmed the decision of the Immigration Judge with respect to respondent's statutory ineligibility for asylum and withholding of removal. *See Matter of S-K-*, 23 I&N Dec. 936 (BIA 2006).

After the Board issued its decision, the Secretary of Homeland Security ("Secretary") made a determination pursuant to his discretionary authority under section 212(d)(3)(B)(i) of the Act that the material support bar on asylum would not apply to certain aliens who have provided material support to the CNF. The Secretary's notice of determination, which was signed and became effective on February 20, 2007, provides:

> [S]ubsection 212(a)(3)(B)(iv)(VI) of the Act shall not apply with respect to material support provided to the Chin National Front/Chin National Army . . . by an alien who satisfies the agency that he:
>
> (a) Is seeking a benefit or protection under the Act and has been determined to be otherwise eligible for the benefit or protection;
>
> (b) Has undergone and passed relevant background and security checks;
>
> (c) Has fully disclosed, in all relevant applications and interviews with U.S. Government representatives and agents, the nature and circumstances of each provision of such material support; and
>
> (d) Poses no danger to the safety and security of the United States.

Exercise of Authority Under Sec. 212(d)(3)(B)(i) of the Immigration and Nationality Act, 72 Fed. Reg. 9957 (Mar. 6, 2007).

On March 9, 2007, I directed the Board to refer to me for review its decision in this matter and three other cases involving similarly situated aliens. *See* 8 C.F.R. § 1003.1(h)(1)(i) (2007). The Board's decision was automatically stayed pending my review.

I now remand this matter to the Board so that it may consider what, if any, further proceedings are appropriate in light of the Secretary's February 20, 2007, determination. In accordance with the settled treatment of orders that do not expressly negate the precedential effect of Board decisions, my action here does not affect the precedential nature of the Board's conclusions in

*Matter of S-K-*, *supra*, regarding the applicability and interpretation of the material support provisions in section 212(a)(3)(B)(iv)(VI) of the Act. *See Matter of E-L-H-*, 23 I&N Dec. Dec. 814 (BIA 2005).