# Matter of S-K-, Respondent

*Decided March 11, 2008*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  Section 691(b) of the Consolidated Appropriations Act, 2008, Division J of Pub. L. No. 110-161, 121 Stat. 1844, 2365 (enacted Dec. 26, 2007), provides that for purposes of section 212(a)(3)(B) of the Immigration and Nationality Act, 8 U.S.C.A. § 1182(a)(3)(B) (West 2005), certain groups, including the Chin National Front, "shall not be considered to be a terrorist organization on the basis of any act or event occurring before the date of enactment of this section."

(2)  The Attorney General's remand in *Matter of S-K-*, 24 I&N Dec. 289 (A.G. 2007), does not affect the precedential nature of the conclusions of the Board of Immigration Appeals in *Matter of S-K-*, 23 I&N Dec. 936 (BIA 2006), regarding the applicability and interpretation of the material support provisions in section 212(a)(3)(B)(iv)(VI) of the Act.

FOR RESPONDENT:  Edward Neufville III, Esquire, Silver Spring, Maryland

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Barbara Cigarroa, Assistant Chief Counsel

BEFORE:  Board Panel: OSUNA, Acting Chairman; FILPPU and PAULEY, Board Members.

OSUNA, Acting Chairman:

This case was last before us on June 8, 2006, when we upheld an Immigration Judge's determination that the respondent, a Christian and ethnic Chin from Burma, was ineligible for asylum and withholding of removal under section 241(b)(3) of the Immigration and Nationality Act, 8 U.S.C.A. § 1231(b)(3) (West 2005), because she provided "material support" to the Chin National Front ("CNF"), a group found to be a terrorist organization.[1] *Matter of S-K-*, 23 I&N Dec. 936 (BIA 2006).  We concluded, however, that the respondent should receive deferral of removal under the Convention Against

---

[1]  *See* sections 208(b)(2)(A)(v), 212(a)(3)(B)(i)(I), (iii), (iv)(VI) of the Act, 8 U.S.C.A. §§ 1158(b)(2)(A)(v), 1182(a)(3)(B)(i)(I), (iii), (iv)(VI) (West 2005); *see also* sections 237(a)(4)(B), 241(b)(3)(B)(iv) of the Act, 8 U.S.C.A. §§ 1227(a)(4)(B), 1231(b)(3)(B)(iv) (West 2005); 8 C.F.R. § 1208.16(d)(2) (2007).

Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted and opened for signature* Dec. 10, 1984, G.A. Res. 39/46. 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/RES/39/708 (1984) (entered into force June 26, 1987; for the United States Apr. 18, 1988). *See* 8 C.F.R. § 1208.17 (2007).

On March 9, 2007, the Attorney General certified this matter to himself for review. On September 14, 2007, the Attorney General issued an order remanding the record to the Board for further proceedings in light of a determination by the Secretary of Homeland Security, which was effective February 20, 2007. *See Matter of S-K-*, 24 I&N Dec. 289 (A.G. 2007). Specifically, the Secretary decided to exercise his discretionary authority under section 212(d)(3)(B)(i) of the Act, 8 U.S.C.A. § 1182(d)(3)(B)(i) (West 2005), to determine that the material support bar did not apply to an alien who provided material support to the CNF/Chin National Army, if the alien satisfied certain listed criteria.[2] *See* Exercise of Authority Under Sec. 212(d)(3)(B)(i) of the Immigration and Nationality Act, 72 Fed. Reg. 9957 (Mar. 6, 2007).

Subsequent to the Attorney General's decision to remand this case, the President of the United States signed the Consolidated Appropriations Act, 2008, Pub. L. No. 110-161, 121 Stat. 1844, on December 26, 2007. Section 691 of this legislation is entitled "Relief for Iraqi, Montagnards, Hmong and Other Refugees Who Do Not Pose a Threat to the United States." *Id.* Div. J, § 691, 121 Stat. at 2364-66. Among other things, that section expanded the discretionary authority of the Secretary of Homeland Security and the Secretary of State to determine the applicability of section 212(d)(3)(B)(i) of the Act, which provides a waiver for certain terrorism-related grounds of inadmissibility. *See id.* § 691(a), 121 Stat. at 2364-65. The law further provides that for purposes of section 212(a)(3)(B) of the Act (setting out inadmissibility grounds based on terrorist activities, including providing material support), certain groups "shall not be considered to be a terrorist organization on the basis of any act or event occurring *before* the [December 26, 2007] date of enactment of this section." *Id.* § 691(b), 121 Stat. at 2365 (emphasis added). The groups listed include the CNF/Chin National Army.[3]

---

[2] As discussed in our prior decision, neither the Board nor the Immigration Judges had been given authority to waive the material support bar. *See Matter of S-K*, 23 I&N Dec. at 941-42 & n.7.

[3] The other groups are the Karen National Union/Karen National Liberation Army, the Chin National League for Democracy, the Kayan New Land Party, the Arakan Liberation Party, the Mustangs, the Alzados, the Karenni National Progressive Party, and appropriate groups affiliated with the Hmong and the Montagnards.

The effective date provision for section 691 states the following:

> The amendments made by this section shall take effect on the date of enactment of this section, and these amendments and sections 212(a)(3)(B) and 212(d)(3)(B) of the Immigration and Nationality Act . . . , as amended by these sections, shall apply to–
>     (1) removal proceedings instituted before, on, or after the date of enactment of this section; and
>      (2) acts and conditions constituting a ground for inadmissibility, excludability, deportation, or removal occurring or existing before, on, or after such date.

*Id.* § 691(f), 121 Stat. at 2366.

In light of this legislation, the Department of Homeland Security ("DHS") has filed a statement acknowledging that the respondent is no longer ineligible for asylum and withholding as a result of her support of the CNF. The Immigration Judge in this case initially found that the respondent had established a well-founded fear of persecution on account of political opinion in order to qualify for asylum. The DHS has not challenged this particular determination, and we see no basis for disturbing it. We also find that the respondent deserves a favorable exercise of discretion in the absence of any notable adverse factors. *See Matter of Pula*, 19 I&N Dec. 467, 474 (BIA 1987); *see also* 8 C.F.R. § 1003.1(d)(3)(ii) (2007) (providing that the Board retains de novo review authority over discretionary determinations). In its recent submission, the DHS has advised us that the respondent has undergone and passed relevant background and security checks and that they are current. In consideration of the aforementioned factors, the respondent will be granted asylum. There is accordingly no need to address the issue of withholding of removal. Further, the grant of deferral of removal will be vacated.

Before concluding this case, however, we address the effect of the aforementioned legislation on our decision in *Matter of S-K-*, 23 I&N Dec. 936, which set out parameters for addressing the material support bar for asylum and withholding of removal. In *Matter of E-L-H-*, 23 I&N Dec. 814 (BIA 2005), we held that a precedent decision of the Board applies to all proceedings involving the same issue unless and until vacated, modified, or overruled by the Attorney General, the Board, Congress, or a Federal court. When the Attorney General remanded this case, he specifically stated that his decision to remand did not affect the precedential nature of our conclusions in *Matter of S-K-* regarding the applicability and interpretation of the material support provisions in section 212(a)(3)(B)(iv)(VI) of the Act. *See Matter of S-K-*, 24 I&N Dec. at 290-91.

Congress has now expressly determined that the CNF, and the other named groups, are not considered terrorist organizations for purposes of section 212(a)(3)(B) of the Act. We accordingly clarify that our decision in *Matter of S-K-* still applies to determinations involving the applicability and interpretation of the material support provisions in

section 212(a)(3)(B)(iv)(VI) of the Act.  However, in applying this case, it must be recognized that section 691(b) of the Consolidated Appropriations Act, 2008, 121 Stat. at 2365, expressly states that certain groups, such as the CNF, are not to be classified as "terrorist organizations" for aliens covered by the provision.  Therefore, the material support bar will not apply to the specified aliens who provided "material support" for one of these designated groups.

In conclusion, the respondent is no longer barred from asylum and will be granted that form of relief.  The grant of deferral of removal will be vacated.

**ORDER:**  The appeal is sustained and the respondent is granted asylum.

**FURTHER ORDER:**  The grant of deferral of removal is vacated.

**NOTICE TO ALIEN TO CONTACT DHS/USCIS:**  The Board of Immigration Appeals has issued a final decision in your case.  Depending on the type of relief or protection from removal that you have been granted, you may be entitled to documents evidencing your status allowing you to remain in the United States or you may be eligible to work in this country.  However, in order to receive any documentation, you need to contact the U.S. Citizenship and Immigration Services ("USCIS") of the Department of Homeland Security, which is the agency responsible for the issuance of documents evidencing your status and/or work authorization.  Information regarding the specific USCIS instructions on procedures for obtaining status documentation or work authorization may be found at the USCIS website at www.uscis.gov.  You may also call the USCIS national customer service number at 1-800-375-5283.